COLUMBUS CHERRY V. STATE

No. 28,589. November 28, 1956.

640

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery by assault; the punishment, fifteen years.

A. V. Jones, a co-defendant of the appellant, upon being called as a witness by the state, testified that, after he, the appellant and R. D. Jones had observed the injured party, Eugene Deloach, in a cafe with some money, at the appellant's suggestion, they decided to get the money from him; that, pursuant to their plans, R. D. Jones left the cafe and walked down the street with Deloach; that the witness and the appellant followed behind and, as the appellant caught Deloach around the neck, he (the witness) got his billfold out of his pocket and ran, and that later the appellant and R. D. Jones caught up with him and the three split the sum of $75.00, which was in the billfold, with the appellant receiving $27.00. He further testified that, at the time the billfold was being taken, Deloach got his knife out and cut the appellant across the hand.

Deloach, the injured party, testified that, on the night in question, he was robbed of his billfold by two men whom he could not recognize because it was dark. In describing the robbery, he testified that, after he left the cafe with R. D. Jones, and was standing on the street alone, two men ran up behind him, the big man grabbed him around the neck and the little one "went in my pocket;" that he got his knife out and tried to cut

the man's arms from around his neck. He further testified that he had $75.00 in the billfold, which was taken from him.

Melvin Beacham testified that he was a cousin of the appellant and that, on the night of the robbery, the appellant came to his home with a cut on the back of both of his hands, which the witness bandaged for him. Beacham further testified: "I asked him if he must have been in some trouble or something." and "He didn't say anything;" and that later in the night, after he had heard of the robbery, he told the appellant he believed that "he was in on the robbery" and "He didn't say anything."

Appellant did not testify or offer any witnesses in his behalf.

No brief has been filed on behalf of the appellant, and we shall discuss the bills of exception appearing in the record.

Bill of Exception No. 1 presents appellant's objection to certain testimony offered by the state in proving a prior conviction of the appellant alleged in the indictment. The question presented by the bill need not be considered because the court in his charge specifically instructed the jury that if they found that the appellant had been convicted in the prior case, alleged for enhancement, they should return a certain verdict set forth in the charge, but that if they did not so find but did find him guilty of the primary offense they should return a verdict assessing his confinement at a term of years. The verdict herein affirmatively reflects that the jury did not find that the appellant had been convicted in the prior case alleged and about which the testimony was offered.

Bill of Exception No. 2 complains of certain argument purportedly made by state's counsel in his closing argument to the jury. The trial court, in his qualification to the bill, declined to certify that the argument was made and stated he had no recollection of its having been made, and that he did not certify that the same was made. No error is shown in this bill. Upshaw v. State, 159 Tex. Cr. R. 412, 264 S. W. (2d) 434.

The court's Bills of Exception Nos. 1 and 2, filed in lieu of appellant's Bills of Exception Nos. 3 and 4, present appellant's claim of jury misconduct, urged in his amended motion for new trial, wherein it was alleged that the jury, during their deliberation, discussed the appellant's failure to take the witness stand and also discussed testimony which had been withdrawn by the court from their consideration.

No error is shown by the bills. The testimony heard on the motion for new trial is not before us and the court's bills do not certify that, on the hearing of the motion, the juror called by the appellant to testify supported the allegations of the motion for new trial. Furthermore, the motion for new trial was only sworn to by the appellant and was insufficient in that it was not supported by the requisite affidavit of a member of the jury or person in position to know the facts, and therefore the action of the court in overruling the same cannot be assigned as error. Vowell v. State, 156 Tex. Cr. R. 493, 244 S.W. (2d) 214; Clay v. State, 157 Tex. Cr. R. 32, 246 S.W. (2d) 180.

Bill of Exception No. 5 relates to the refusal of the court to declare a mistrial after the state's witness Police Sergeant Howard Chamberlain had testified that the appellant told him that the injured party, Deloach, had cut him on the hand.

The court, in his qualification of the bill, certifies that the testimony was admitted without objection and excluded about an hour later on motion of the appellant; and that the motion for mistrial was made after the parties had closed the case. Under the court's qualification, no error is shown in the refusal to declare a mistrial. Bell v. State, 160 TexCrR 538, 272 S. W. (2d) 888.

Finding the evidence sufficient to support the conviction and no reversible error appearing in the record, the judgment is affirmed.