Isaac L. **POWELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44746.

Court of Criminal Appeals of Texas.

March 22, 1972.

Rehearing Denied May 24, 1972.

---

James R. Warncke, San Antonio, for appellant.

Ted Butler, Dist. Atty., Bill M. White and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the sale of marihuana; the punishment, five years imprisonment.

The sole ground of error presented is that the evidence is not sufficient to sustain the judgment of conviction.

The appellant, with the consent and approval of the trial judge and the district attorney, waived a jury trial and entered a plea of not guilty before the court.

Officer H. Rangel, while working as an undercover agent with the San Antonio Police Department on the night the offense occurred, went to a pool hall known as the Kool Breeze. While there, the appellant approached Rangel and inquired if he wanted to purchase some "grass." Rangel said that he needed two "joints." The appellant reached inside of his pocket and brought out a cigarette pack and gave Rangel two marihuana cigarettes in ex-

change for two dollars. Officer Rangel later that evening reported to his supervisor and gave him the cigarettes, after they were placed in an envelope and an identification mark had been affixed.

Rangel said in September, 1969, prior to the time he commenced to work as an undercover agent, he was on duty at the booking desk of the jail and the appellant was brought to the jail as a prisoner. He had a special recollection of seeing him at that time because he said the appellant had been arrested for an offense against a security officer at the Holiday Inn. The officer also testified that while he had been working as an undercover agent he visited the Kool Breeze Pool Hall almost every day. He had seen the appellant there prior to the night of this sale. Rangel said people at the pool hall knew he had bought marihuana there.

After a proper chain of custody had been shown, Mike Johnston, a chemist for the Texas Department of Public Safety, testified that he determined the plant substance in the two cigarettes that the appellant had sold Rangel was marihuana.

The appellant testified he was twenty-one years of age, a high school graduate, had enrolled in a business college and worked as a cook's helper. He said he was not arrested for this offense until December 4, 1970. The offense was alleged to have occurred June 18, 1970, and the indictment was returned and filed November 12, 1970. He said he had never seen Officer Rangel before the day of the trial.

He testified he did not hang around "Mugger's Row" and did not go to the pool hall, where the officer said the sale took place. He denied selling the marihuana cigarettes to Rangel. He did admit on cross-examination that he was arrested in September of 1969 and booked into jail. He said he was not arrested for fighting a security guard, but that he had been charged with possession of marihuana for which he was later no billed by the grand jury.

The trial judge, when sitting as the sole trier of the facts, is the exclusive judge of credibility of witnesses and the weight to be given to their testimony. He is authorized to accept or reject any or all of the testimony of the witnesses for either the State or the accused. Rhodes v. State, 441 S.W.2d 197 (Tex.Cr.App. 1969), and cases therein cited.

The evidence is sufficient to support the judgment of conviction.

The judgment is affirmed.

Opinion approved by the Court.