**James D. ABLES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49545.**

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

Phillip O. Vick, Denton, for appellant.

John Lawhon, Dist. Atty., Alan L. Levy, Asst. Dist. Atty., Denton, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of a barbituric acid derivative. Punishment was assessed by the jury at two years.

Appellant contends the evidence is insufficient to support the conviction.

Narcotic Agent Sanders testified that he bought a bag of ninety "reds" ·from appellant in Lewisville on January 21, 1972, for $45.00. Sanders described a "red" as a barbituric acid derivative. Sanders initialed the bag containing the "reds" and mailed same in an envelope to the Department of Public Safety Laboratory in Austin. Joe Urbanovsky, a chemist at said laboratory, testified that he received the envelope mailed by Sanders, ran an analysis on the capsules, and found them to contain a barbituric acid derivative.

Appellant's claim of insufficiency of the evidence to support the conviction is bottomed upon a conflict in the evidence. Sanders testified that he purchased the contraband at "approximately 10:30 or 10:35 in the morning . . .." Appellant points to Exhibit No. 1, identified as the evidence envelope containing the bag of pills, which reflects the time of the offense as 10:35 p. m. The jury, as the trier of the facts, was authorized to accept or reject any or all of the testimony of the witnesses for either the State or the accused. Williams v. State, Tex.Cr.App., 506 S.W.2d 868; Powell v. State, Tex.Cr.App., 479 S.W.2d 685. We find the evidence sufficient to support the conviction.

Appellant contends the court erred in making comments regarding his opinion of the case.

The record reflects that *after the jury had returned a verdict of guilty* the court made the following comment:

"THE COURT: . . . Now, the Defendant, of course, has been found

guilty on this charge. We will need to go into a hearing regarding the punishment phase of it . . .."

Appellant argues that the comment "of course" conveyed the court's opinion to the jury in violation of Art. 38.05, Vernon's Ann.C.C.P.[1] The record reflects that no objection was interposed to the complained-of comment of the court. Nothing is presented for review. Calverley v. State, Tex.Cr.App., 511 S.W.2d 60. Further, to constitute reversible error, the comment of the court must be such that it is reasonably calculated to prejudice the accused's rights. Hernandez v. State, Tex.Cr.App., 507 S.W.2d 209; Barnes v. State, Tex.Cr.App., 503 S.W.2d 267; Lee v. State, Tex.Cr.App., 470 S.W.2d 664. Thus, even if appellant had preserved his contention for review, we find no error in light of the fact that the court's comment came after the jury had returned a verdict of guilty.

Appellant's next contention is directed to another comment made by the court. Again, no objection was voiced to the complained-of remark by the court and nothing is presented for review. Calverley v. State, supra.

◼ Appellant contends the court erred in allowing testimony of a reputation witness who had not heard appellant's reputation discussed in the community in which appellant resided.

Narcotic Agent Sanders testified that he knew the reputation of appellant in the community for being a peaceful and law-abiding citizen, and that such reputation was bad. Appellant points to the testimony of Sanders on cross-examination that he had not heard a resident of Lewisville, where appellant resided, say that appellant

had a bad reputation. The record reflects that Sanders stated that he discussed the appellant's reputation with persons "who had been around there [Lewisville]" and "They knew him around in that area, though, the Denton area," and "the Denton and the Lewisville area, yes, sir, Denton County." His testimony further reflects that he had discussed appellant's reputation with "people that had bought pills from him . . . in the past before I knew him."

Appellant's argument appears to be bottomed on the premise that it was necessary for the witness to have discussed appellant's reputation with persons who lived in the same community where appellant lived. In Loyd v. State, Tex.Cr.App., 506 S.W.2d 600, it was held that an officer who lived on the military base was not disqualified to testify as to defendant's reputation for being a peaceful and law-abiding citizen where defendant lived off base. In Jordan v. State, 163 Tex.Cr.R. 287, 290 S.W.2d 666, the offered testimony as to defendant's reputation came from witnesses from Dallas, where the accused worked, and this Court held same to be admissible even though defendant lived in the adjacent community of Richardson. In Arocha v. State, Tex.Cr.App., 495 S.W.2d 957, this Court said, "A person's community is not limited to the locale where the case is tried nor his residence at the date the offense was committed." The fair import of the witness' testimony in the instant case is that he had discussed appellant's reputation with persons who knew appellant in the Lewisville area where appellant lived. We find such predicate to be sufficient.

◼ Appellant urges that the testimony of the witness as to appellant's reputation was not admissible for still another reason. He points to the testimony of Sanders that

---

1. Art. 38.05, V.A.C.C.P., provides:
"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

the people he had discussed appellant's reputation as a peaceful and law-abiding citizen with were "people who had bought pills from him . . . ." In Crawford v. State, Tex.Cr.App., 480 S.W.2d 724, this Court held it was not improper for a witness to discuss specific acts with other persons as a basis for determining what defendant's reputation was in the community. No error is shown.

■ Appellant urges that reversible error occurred when the prosecutor made an argument which was not supported by the record. The argument at the guilt stage of the trial was not transcribed by the court reporter, and appellant refers us to a bill of exception.

The trial court, in his qualification of the bill, declined to certify that the argument was made and stated that he did not recall the instance. No error was shown in this bill. See Cherry v. State, 163 Tex. Cr.R. 639, 296 S.W.2d 251; Smith v. State, Tex.Cr.App., 418 S.W.2d 683.

■ Appellant urges that jury misconduct occurred when a juror failed to correctly answer a question on voir dire.

The voir dire examination was not transcribed, and appellant calls our attention to still another bill of exception.

No claim of jury misconduct was made by appellant in his motion for new trial. Further, his claim of jury misconduct is not supported by an affidavit of jurors. Appellant's bill of exception was filed with the court on October 11, 1974, some seven months after appellant's motion for new trial had been overruled and sentence had been pronounced. Appellant's claim of jury misconduct, not having been raised in motion for new trial, will not be considered by this Court on appeal. Black v. State, Tex.Cr.App., 491 S.W.2d 428; Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523.

The judgment is affirmed.

Opinion approved by the Court.