John Basil MacLEOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–01118–CR.

Court of Appeals of Texas, Dallas.

Nov. 6, 1985.

Stuart E. Parker, Lawrence B. Mitchell, Dallas, for appellant.

Leslie McFarlane, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE, and HOWELL, JJ.

STEPHENS, Justice.

John Basil MacLeod appeals his conviction for aggravated sexual assault. The jury assessed his sentence at 99 years in the Texas Department of Corrections and a $10,000 fine. On appeal he raises several grounds of error contending (1) that reputation testimony was improperly admitted at the punishment stage of the trial, (2) that the indictment was fundamentally defective, and (3) that the jury charge was fundamentally defective in failing to define the term "act." Finding no merit in appellant's contentions we affirm the trial court's judgment.

Appellant first contends the trial court erred in allowing two reputation witnesses to testify because they did not qualify. At the punishment stage of appellant's trial the court held a hearing out of the jury's presence and determined that both witnesses were qualified to testify about the appellant's reputation. The record indicates both witnesses had discussed appellant's reputation with the prosecutor, police officers and other civilians. In addition, one witness discussed appellant's reputation with her brother, who had discussed appellant with a member of appellant's family, and the other witnesses discussed appellant with her supervisor concerning appellant's alleged passing of bad checks. We conclude that both witnesses were qualified.

 A reputation witness's testimony must be based on what the witness has heard from others or on hearing others discuss the appellant's reputation and *not* on the witness's personal knowledge or opinion of the appellant. *Jackson v. State*, 628 S.W.2d 446, 450 (Tex.Crim.App.1982). Such testimony is, by necessity, based on hearsay. Without the requirement that the witness discuss the person's reputation with others, the witness's testimony would be nothing more than an inadmissible opin-

ion. *Mitchell v. State*, 524 S.W.2d 510, 513 (Tex.Cr.App.1975). While the discussion concerning the person's reputation must be more extensive than just with people in the prosecutor's office, discussion with peace officers in the defendant's community *alone* is sufficient to qualify a witness on reputation. *Jackson*, 628 S.W.2d at 450. Although specific acts cannot be the *sole* basis of a witness's knowledge of a person's reputation, *Wagner v. State*, 687 S.W.2d 303, 313 (Tex.Crim.App.1985), op. on reh'g; it is not improper for a witness to discuss specific acts in determining what the person's reputation is in the community. *Ables v. State*, 519 S.W.2d 464, 467 (Tex.Crim.App. 1975); *Crawford v. State*, 480 S.W.2d 724, 726 (Tex.Crim.App.1972).

 In the absence of showing that the witnesses had no knowledge other than the facts of the case or that the witnesses had not spoken with members of the community concerning appellant's reputation, no error is shown in the admission of the testimony. *Braxton v. State*, 528 S.W.2d 844, 846–47 (Tex.Crim.App.1975). Appellant's contentions are without merit and are overruled.

 Appellant next complains the indictment was fundamentally defective in failing to give notice of the specific acts for which his conviction was sought. Appellant filed no motion to quash and raised no objection at trial challenging the sufficiency of the indictment. In *Ex parte Kirby*, 626 S.W.2d 533, 534 (Tex.Crim.App.1981) the court noted:

Jurisdictional defects, which may be raised at any time, must be distinguished from defects requiring a motion to quash. When the indictment is challenged as not having provided the defendant with adequate notice of the acts alleged, the indictment is examined from the defendant's viewpoint. Therefore, the issue is waived if not raised by motion because it is presumed that the indictment gives sufficient notice for preparation of a defense if he proceeds to trial without complaint. *American*

*Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974).

Thus, absent a motion to quash in the instant case, nothing is preserved for review. It is also noted that the appellant's contention is contrary to the Court of Criminal Appeals holding that "an indictment for aggravated rape need not set out or describe the specific actions or deeds of the defendant which communicate the threats of serious bodily injury to the prosecutrix." *Brem v. State,* 571 S.W.2d 314, 317 (Tex. Crim.App.1978). Accordingly, appellant's contentions are overruled.

■ In his final ground of error, appellant argues that the jury charge was fundamentally defective in failing to define the term "act." We disagree. There is no statutory definition of the term "act." "In such circumstances, the question is whether the term has such a common and ordinary meaning that jurors can be fairly presumed to know and apply such meaning." *Phillips v. State,* 597 S.W.2d 929, 937 (Tex. Crim.App.1980). We hold that there was no reversible error in the trial court's failure to define the term "act." Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.

HOWELL, J., dissenting.

HOWELL, Justice, dissenting.

I dissent. Under the rulings by the court of criminal appeals and this court, neither of these witnesses was properly qualified to give reputation testimony. Neither of them possessed the indicia of objectivity necessary to qualify her as an opinion witness.

At the punishment stage of MacLeod's trial, the State sought to introduce the testimony of Janice Ross and Carol Jones concerning appellant's reputation for being truthful and law abiding. In a hearing outside the presence of the jury, it was determined that Ross had gained her knowledge of MacLeod's reputation by talking to the prosecutor, the reputation witnesses gathered for the trial and to her supervisor concerning a series of bad checks MacLeod was alleged to have passed at convenience stores. Jones based her testimony concerning MacLeod's reputation upon discussions with the prosecutor, with other reputation witnesses and with her brother. Her brother had called a member of MacLeod's family and had from that conversation reached a conclusion about his reputation. Jones reached her conclusions about MacLeod's reputation by discussing MacLeod with her brother.

The trial court prohibited these two witnesses from testifying about appellant's reputation based upon their discussions with the prosecutor's staff and the other reputation witnesses gathered for the trial by the State, but permitted Jones to testify on the basis of her discussions with her brother and Ross to testify on the basis of her discussions with her supervisor. Thus, if they followed the instructions of the trial court, they were each testifying on the basis of what one person told them.

Neither Ross nor Jones was a proper reputation witness. Each had met appellant on one occasion only. Neither knew anything of him before nor since except as just indicated.

> The trustworthiness of reputation testimony stems from the fact that a person is observed in his day to day activities by other members of his community and that these observations are discussed. Over a period time [sic] there is a synthesis of these observations and discussions which results in a conclusion as to the individual's reputation.

*Wagner v. State,* 687 S.W.2d 303, 313 (Tex. Crim.App.1985) (quoting *Moore v. State,* 663 S.W.2d 497, 500 (Tex.App.—Dallas 1983, no pet.)).

In essence, a reputation witness is an opinion witness. Ostensibly, he is not giving his own subjective or personal opinion; this is forbidden. Rather, the witness is telling the jury how the defendant is regarded by those who know and deal and live with the defendant. Even so, the answers to that precise question is necessarily and inherently a subjective evaluation—

hence, an opinion. Even though the witness is stating an opinion, the basis for reputation testimony is, by necessity, hearsay. Reputation testimony only has sufficient trustworthiness to warrant its admission when it represents the daily observations of and discussions about a person by those in his community. *Wagner v. State,* 687 S.W.2d 303, 313 (on rehearing); *Moore v. State,* 663 S.W.2d 497, 500 (Tex.App.—Dallas 1983, no pet.).

Ross and Jones were manifestly unqualified to give an opinion because their knowledge of appellant was limited to specific discussions with specific persons relating to a specific subject. They did not possess a "synthesis of ... observations and discussions" taking place over a substantial expanse of time. Ross's employer and Jones were appellant's ostensible victims. Any opinion that Ross or Jones might form would be slanted and untrustworthy. Certainly, it could not be construed as reflecting the climate of community opinion. *Wagner,* 687 S.W.2d at 313. Reputation testimony must be directed at ascertaining that climate of opinion. Otherwise, it degrades into an attempt by the prosecution to parade unadjudicated offenses before the jury either directly or by inference. It is well settled that unadjudicated extraneous offenses may not be presented at the punishment phase. *Morgan v. State,* 515 S.W.2d 278 (Tex.Crim. App.1974). To allow those who view themselves as victims of extraneous offenses and those who are privy to those complainants to testify as to the defendant's reputation is to create a vehicle whereby extraneous offenses might be brought by innuendo into a punishment hearing. A victim of an extraneous offense has an obvious bias, an axe to grind. He cannot be objective. Those who cannot be objective should not be permitted to give opinion testimony. Those who are victims of the defendant's extraneous conduct, or who consider themselves as such, are too prone to be subjective rather than objective. They cannot reliably recite the *community evaluation* of the defendant and their testimony should be excluded.