**Dwight Carl BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00935–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 7, 1991.

James M. Seabolt, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION ON MOTION FOR REHEARING

SEARS, Justice.

We grant the State's motion for rehearing, withdraw the opinion of January 17, 1991, withdraw the prior judgment, and substitute the following opinion. This is an appeal from a conviction of the felony offense of possession of a controlled substance, namely methamphetamine. Appellant pleaded not guilty to the charge and true to the enhancement paragraphs in the indictment. The trial court found appellant guilty as charged and assessed punishment at ten years confinement in the Texas Department of Criminal Justice. In three points of error, appellant contends the evidence is insufficient to support his conviction and that the trial court erred in admitting into evidence the opinion of a chemist who testified at trial. We affirm.

In our prior opinion, we noted that we were constrained to follow *Cole v. State*, No. 1179–87, —— S.W.2d —— (Tex.Crim. App., Nov. 14, 1990) (not yet reported). In *Cole*, the court of criminal appeals held that when the DPS chemist who actually performed the chemical analyses is absent, the testimony of a supervising chemist (or others) as to the tests conducted and the results of the tests is inadmissible at trial as an exception to the hearsay rule under TEX.R.CRIM.EVID. 803(8)(B). In so holding, the court of criminal appeals relied heavily on *United States v. Oates*, 560 F.2d 45 (2nd Cir.1977). The *Oates* case has been criticized by other U.S. Courts of Appeal and in later decisions by the second circuit. Moreover, because *Cole* is pending on motion for rehearing, it is not final and not part of the jurisprudence of this State. *See Yeager v. State*, 727 S.W.2d 280, 281 n. 1 (Tex. Crim.App.1987). Therefore, we are not constrained to follow *Cole* and will address appellant's three points of error.

In his first point of error, appellant contends the evidence is insufficient to support his conviction because there are insufficient affirmative links between the alleged controlled substance and appellant to establish his possession. When reviewing the sufficiency of the evidence in a criminal case, the appellate court must determine whether, after viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). This standard applies to both direct and circumstantial evidence cases. *Alexander v. State*, 740 S.W.2d 749, 757 (Tex.Crim.App. 1987). The trial judge, when sitting as the trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Crim.App. 1987); *Powell v. State*, 479 S.W.2d 685, 687 (Tex.Crim.App.1972). The trial judge is entitled to accept or reject any or all of a witness' testimony. *Mattias*, 731 S.W.2d at 940; *Powell*, 479 S.W.2d at 687.

To establish unlawful possession of a controlled substance, the State must prove that the accused exercised care, control, and management over the contraband. *Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim. App.1986); *Hall v. State*, 783 S.W.2d 14, 15 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). The accused's control over the controlled substance need not be exclusive, but

can be jointly exercised with one or more persons. *Cude*, 716 S.W.2d at 47. However, when the accused is not in exclusive control of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. *Id.* The affirmative links can be established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App.1981). Facts which can affirmatively link an accused with the premises, thereby proving that he jointly possessed and controlled the contraband, are: (1) envelopes addressed to the accused at the address where the search warrant was executed; (2) photographs of the accused seized during the search, *See Herrera v. State*, 561 S.W.2d 175, 179 (Tex. Crim.App.1978); and (3) that the accused is closely related to other persons in joint possession of the contraband. *See Hernandez v. State*, 538 S.W.2d 127, 130–31 (Tex.Crim.App.1976).

■ In the present case, a combined force of law enforcement officers from the Texas Department of Public Safety (DPS), Houston Police Department, Katy Police Department and the Village Police Department executed a search warrant of a mobile home located at 2503 Katy, Hockley Cut–Off, No. 307, appellant's alleged residence. Michael Tandy, an investigator with the Texas Department of Public Safety Narcotics Division, testified that appellant was not present when the search warrant was executed but Teresa Brown, appellant's wife, was present. Mrs. Brown gave him the key to unlock the padlocked bedroom door. Tandy, Officer Glenn Chance of the Houston Police Department, and Officer C.F. Hooker of the Village Police Department searched the bedroom. Officer Hooker found an envelope addressed to appellant at that residence address and turned it over to Officer Tandy. Officer Hooker also found some photographs of appellant in the bedroom.

Further, Joseph Coats testified that he and his wife live at the Garden Villa Mobile Home Park located at the "Cut Off road

north of Katy" and that his wife manages the mobile home rental units. Mr. Coats testified that appellant and his wife lived at the trailer park on the date the search warrant was executed on their trailer. Mr. Coats also testified that appellant paid the rent on the mobile home and that appellant "brought a couple of checks" to Mrs. Coats at their trailer on one occasion. We hold that these facts sufficiently link appellant to the mobile home and the contraband. We overrule appellant's first point of error.

In his second and third points of error, appellant contends the evidence is insufficient to support his conviction because there was no evidence that the substances recovered were illegal controlled substances and that the trial court erred in admitting into evidence the testimony of Lou Haby, a DPS chemist, that the substances were illegal controlled substances. Appellant complains that the State failed to show the qualifications of the chemist who actually performed the tests or that the tests conducted at the DPS lab were done under Mr. Haby's supervision.

■ A toxicologist's testimony concerning test results obtained by his subordinates is not rendered inadmissible as hearsay merely because he did not personally test the substances. *Brooks v. State*, 642 S.W.2d 791, 793 (Tex.Crim.App.1982). Further, under the business records exception to the hearsay rule, TEX.R.CRIM.EVID. 803(6), and the former Business Records Act, an expert may testify about test results obtained by another chemist. *See Hodge v. State*, 631 S.W.2d 754, 757 (Tex. Crim.App.1982); *Hayden v. State*, 753 S.W.2d 461, 463 (Tex.App.—Beaumont 1988, no pet.). In *Cole*, the court of criminal appeals held that evidence which is barred from admissibility under TEX.R. CRIM.EVID. 803(8)(B) cannot be admitted under TEX.R.CRIM.EVID. 803(6). *Cole*, No. 1179–87, slip op. at 12. However, as we noted earlier, *Cole* is not final and not part of the jurisprudence of this state. Until the court of criminal appeals disposes of the motion for rehearing in *Cole*, we do not agree with the result and decline to follow it.

Turning to the evidence in the present case, Officer Chance testified that he found a blue and white thermos on the nightstand in the bedroom which appeared to contain a controlled substance. He performed a field test on the substance which indicated the substance was methamphetamine. Officer Hooker also found a plastic baggie in the bedroom which contained "an off-whitish, powdery substance." Officer Chance performed a field test on the substance in the baggie and the field test indicated the substance was methamphetamine. Officers Chance and Hooker turned the substances over to Officer Tandy who took them to the DPS laboratory for further analysis.

Lou Haby testified as to the results of the chemical analysis performed on the substances. Mr. Haby testified that he is employed as a chemist-toxicologist at the DPS Crime Lab in Houston. He identified the substances and stated that he sealed the envelope the evidence was stored in when it was brought to the lab. He testified that the evidence was assigned a DPS laboratory number and that he placed the substances in a locked "pending" vault to be tested at a later date. He admitted that he did not actually perform the tests on the substances and stated that Mike McGeehan, another DPS chemist, performed the tests. When the State attempted to question him regarding the tests conducted and results thereof, appellant's counsel objected to the testimony on grounds of hearsay and no proper predicate. The trial court overruled appellant's objections and Mr. Haby testified that the tests indicated the substances were methamphetamine. Haby stated that he was testifying "from the record"; however, the report was not admitted into evidence.

Viewing the evidence in the light most favorable to the verdict, it is clear that a rational trier of fact could have found beyond a reasonable doubt that the substances recovered in the bedroom of appellant's residence were illegal controlled substances and that appellant exercised care, control, and management over the substances. While the record does not reflect that Mr. Haby actually supervised the testing of the substances, we do not find that fact dispositive of the case. Mr. Haby testified that the tests were performed by another DPS chemist and described in detail the tests conducted. We find nothing in Mr. Haby's testimony to indicate that the tests were not run correctly or that the records were not prepared properly. Further, appellant's counsel agreed that Mr. Haby was an expert chemist and qualified to testify. Appellant's counsel stated, "I'm sure he's an expert" and "I'm satisfied he's qualified." We overrule appellant's second and third points of error.

Accordingly, we affirm the judgment of the court below.