IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-304-CR





WAYNE SCOTT WALKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY,



NO. 331,728, HONORABLE JAMES GREGG, JUDGE PRESIDING



 




 Appellant appeals his driving while intoxicated conviction. After the jury found
appellant guilty, the court assessed his punishment at ninety days' confinement in the county jail
and a one thousand dollar fine. The imposition of the sentence was suspended, and appellant was
placed on probation for two years subject to certain conditions. Six hundred dollars of the fine
was probated.

 Appellant advances four points of error. First, appellant claims that the trial court
erred in overruling his challenge for cause to a prospective juror. Second, appellant urges that
the trial court erred in allowing the results of an intoxilyzer test to be introduced, over objection,
when the State did not establish "that a reference sample was used as required by 37 Tex. Admins.
[sic] Code section 19.3." Third, appellant contends that the trial court erred in allowing a witness
to testify that the intoxilyzer was in proper working order. Fourth, appellant argues that the trial
court erred by refusing to admit relevant evidence concerning "Intoxilyzer 5000," which was not
used in the instant case. The sufficiency of the evidence is not challenged.

 Initially, appellant contends that the trial court erred in denying his challenge for
cause to a prospective juror, Father Heathcote, a Catholic priest. Appellant urges that he has met
all the requirements of Harris v. State, 790 S.W.2d 568 (Tex. Crim. App. 1989), and has thus
preserved error. In Harris, the Court of Criminal Appeals wrote:


 Thus, in order to warrant a reversal by this Court for the trial court's
erroneous denial of an appellant's valid challenge for cause it must be demonstrated
that:


 1.  The voir dire of the individual venire person was recorded and
transcribed.


 2.  The appellant at trial asserted a clear and specific challenge for cause
clearly articulating the grounds therefor.


 3.  After the challenge for cause is denied by the trial court, appellant uses
a peremptory challenge on that juror.


 4.  All peremptory challenges are exhausted.


 5.  When all peremptory challenges have been exhausted, appellant makes
a request for additional peremptory challenges.


 6.  Finally, the defendant must assert that an objectionable juror sat on the
case. The appellant should point out to the trial court that he is being forced to try
the case with a juror seated whom he would have exercised a peremptory challenge
had he had one.



Harris, 790 S.W.2d at 581.

 Failure to exhaust all peremptory challenges does not meet the fourth requirement
of Harris necessary to preserve error. Harris, 790 S.W.2d at 582. The instant record does not
contain a jury list or a showing of which prospective jurors were peremptorily challenged by the
appellant or the State. A review of the voir dire examination does not establish that appellant's
peremptory challenges were exhausted. In asserting compliance with the fourth requirement of
Harris, appellant in his brief does not direct our attention to any portion of the record supporting
his claim that he exhausted all of his peremptory challenges. Assertions in briefs will not suffice. 
The burden is on the appellant to see that a sufficient record is presented to show error requiring
reversal. Tex. R. App. P. Ann. 50(d) (Pamph. 1992).

 Moreover, we find that the appellant in urging his challenge for cause to the
prospective juror simply stated: "Okay. Move to strike for cause." This was only a general
challenge or objection which normally does not preserve error for review. It certainly was not
a specific challenge for cause articulating the ground for the challenge so as to meet the second
requirement of Harris. In order to complain on appeal, a defendant must first have challenged
a prospective juror for a specific cause and have the challenge overruled by the trial court. Arnold
v. State, 778 S.W.2d 172, 181 (Tex. App. 1989, no pet.).

 Appellant failed to lodge a specific objection that the prospective juror was biased
or prejudiced against him, Tex. Code Crim. Proc. Ann. art. 35.16 (a)(9)(1989), or biased or
prejudiced against any applicable law upon which the defense is entitled to rely, Tex. Code Crim.
Proc. Ann. 35.16(c) (Supp. 1992), either as a matter of law, or to such an extent that the
prospective juror was disqualified. Appellant further did not specifically challenge the prospective
juror on any other basis. (1) Appellant has not preserved error for review. Knox v. State, 744
S.W.2d 53, 61-62 (Tex. Crim. App. 1987), cert. denied, 486 U.S. 106 (1988). Further, error
is not preserved for review when the claim on appeal does not comport with the challenge for
cause at trial. Id. at 62.

 Nevertheless, we have examined the trial court's denial of the challenge for cause
in light of the entire voir dire examination of the prospective juror. We do not find that the
prospective juror was biased or prejudiced either as a matter of law or to such an extent that he
was disqualified. Prospective jurors are not subject to challenges for cause, even though they
initially equivocate their responses, if they ultimately state they would follow the court's
instructions and render a verdict according to the evidence. Holland v. State, 761 S.W.2d 307,
318 (Tex. Crim. App. 1988), cert. denied, 489 U.S. 109 (1989); Barber v. State, 737 S.W.2d
824, 829-30 (Tex. Crim. App. 1987), cert. denied, 489 U.S. 1091 (1989). That is what occurred
in the instant case. A trial court has the discretion to find or refuse to find facts such as would
justify a challenge for cause, where the evidence is conflicting. Hammond v. State, 799 S.W.2d
741, 744 (Tex. Crim. App. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2912 (1991). Great
deference is accorded the trial court when it exercises its discretion in such matters. Pyles v.
State, 755 S.W.2d 98, 106 (Tex. Crim. App), cert. denied, 488 U.S. 986 (1988); Briddle v. State,
742 S.W.2d 379, 384 n.1 (Tex. Crim. App. 1987). The first point of error is overruled.

 In his second point of error, appellant argues that the "trial court erred by allowing
the results of an intoxilyzer test to be introduced and interpreted over objections, because the State
did not establish that a reference sample was used as required by 37 Tex. Adminis. [sic] Code
Section 19.03."

 It appears that appellant is urging that the State failed to satisfy the first prong of
the predicate necessary to introduce the results of the intoxilyzer test. Hill v. State, 256 S.W.2d
93 (Tex. Crim. App. 1953), established the necessary predicate for the test results from a
breathalyzer machine:


 (1) the use of properly compounded chemicals;


 (2) the existence of periodic supervision over the machine and
operation by one who understands the scientific theory of the
machine; and


 (3) proof of the result of the test by a witness or witnesses qualified to
translate and interpret such results so as to eliminate hearsay.



Id. at 96.

 This predicate was reaffirmed in Harrell v. State, 725 S.W.2d 208, 209 (Tex.
Crim. App. 1986), although Harrell amended the first prong of the predicate for a breath test
performed by the intoxilyzer as opposed to a breathalyzer machine. "The Intoxilyzer does not use
chemicals so the first prong of the predicate is not really applicable and must be modified due to
the nature of the machine." Id. at 209-10. Thus, when an intoxilyzer is utilized, the State no
longer need show that the reference sample's composition was proper; a showing that the
reference sample was properly used satisfies the first prong of the predicate. Id. at 210. The
breathalyzer measures breath alcohol concentration through a chemical compound mixed by the
operator, whereas the intoxilyzer measures breath alcohol concentration through infrared
spectrometry. Martin v. State, 724 S.W.2d 135, 137 (Tex. App. 1987, no pet.).

 Two basic requirements must be met to establish the proper use of a reference
sample. First, the results of the intoxilyzer must agree with the reference sample's predicted
value within 0.01 g/210L. Second, the test of the reference sample must immediately precede or
follow the subject's breath test. Tex. Sec'y of State, 11 Tex. Reg. 3800 (1986) (37 Tex. Admin.
Code § 19.03(c)(4) since amended) adopted 11 Tex. Reg. 3243 (proposed rule) (in effect at time
of appellant's arrest and trial), (2) enacted pursuant to Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 3(b)
(Supp. 1992); Harrell, 725 S.W.2d at 210. The purpose of this showing is to demonstrate that
the intoxilyzer machine is functioning properly at the time of the breath test. Harrell, 725 S.W.2d
at 210.

 The evidence established that the reference test came within the statutory
0.01g/210L alcohol concentration of the reference sample. The intoxilyzer operator testified that
the reference test was conducted after the appellant's breath test, and the rules of the Department
of Public Safety were observed. The technical supervisor also testified as to the procedure used
to verify the calibration of the machine and that the procedure used to create the reference sample
had been verified through other means. The State established that the reference sample was
properly used. See Fleming v. State, 774 S.W.2d 751, 754 (Tex. App. 1989, pet. ref'd).

 Moreover, when the results of the intoxilyzer test (State's exhibit number six--Intoxilyzer Test Report) were offered into evidence, appellant objected on the basis that there had
been no showing that a proper reference sample had been used so as to make the results admissible
"under the Rules of Criminal Procedure." His complaint on appeal is that the results were
inadmissible under the Texas Administrative Code. The complaint on appeal must comport with
the objection at trial. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), cert.
denied, ___ U.S. ___, 111 S.Ct. 2816 (1991); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim.
App. 1990). Appellant's second point of error is overruled.

 Appellant's third point of error contends that the "trial court erred in permitting
Technical Supervisor Owen to testify that the intoxilyzer machine was in proper working order."

 Ralph Owen, a chemist-toxicologist at the Austin Police Department for over fifteen
years, testified that he was certified by the Texas Department of Public Safety as a technical
supervisor in the Texas Breath Test Program; that he maintained and calibrated the breath test
instruments in Area 19; that he was the technical supervisor of the 4011 ASA intoxilyzer at the
Austin Police Department, serial number 001488, which was used to administer a breath test to
the appellant; and that the particular instrument was certified by the Department of Public Safety. 
Owen also testified that he was custodian of the records on the particular intoxilyzer.

 Owen testified that he had personally inspected the intoxilyzer on December 18,
1989, the morning after the test had been administered to the appellant on December 17, 1989. 
He stated that he had personally inspected the intoxilyzer before and after December 17, 1989,
but not on December 11, 1989. The record reflects:


 Q. And based on your examination, do you have any opinion as to the
condition of the instrument at the time the test was run?


 A. Yes, sir, I do.


 Q. What is that opinion?


 A. It is my opinion that this instrument is [sic] functioning properly on that
day.


 Q. Do you know of any reason why the instrument would have produced an
inaccurate test on the day in question?


 A. I know of none.



(Emphasis supplied).

 There was no objection to this testimony. For an issue to be preserved on appeal
there must be a timely objection which specifically states a legal basis. Tex. R. App. P. Ann.
52(a) (Pamph. 1992); Rezac, 782 S.W.2d at 870. Where counsel fails to object to evidence when
it is offered, he must show good reason for his failure, or the matter is waived. Terrell v. State,
801 S.W.2d 544, 546 (Tex. App. 1990, pet. ref'd). If there be any claim that there was an earlier
objection, it must be remembered that no reversible error occurs where the same facts to which
there was an objection are proven by other testimony to which there was no objection. East v.
State, 702 S.W.2d 606, 611 (Tex. Crim. App.), cert. denied, 474 U.S. 1000 (1985); Bratcher v.
State, 771 S.W.2d 175, 180 (Tex. App. 1989, no pet.). An examination of the record shows that
the above quoted testimony is the only time Owen expressed his opinion as to the condition of the
intoxilyzer at the time when the test in question was performed. There is no merit to appellant's
third point of error as expressed and quoted above.

 Despite the wording of the point of error, appellant's chief concern seems to be the
admission of Owen's hearsay testimony that the intoxilyzer was inspected on December 11, 1989,
the last time before the test on December 17th, and no malfunction of the intoxilyzer was found
on December 11th. Owen had earlier testified, without objection, to the mere fact of an
inspection on December 11th. Later, it was elicited that Sam Bivoni, "the other" technical
supervisor, had performed the inspection on December 11th. Bivoni did not testify. Appellant
now urges that Owen's testimony was in violation of Tex. R. Crim. Evid. Ann. 702 (Pamph.
1992) because an expert is entitled to testify as to his own opinion but not to another person's
opinion. No objection was made at trial on this basis and no error is preserved. Even if there
had been a timely and specific objection, appellant's contention based on rule 702 is not briefed
in accordance with Tex. R. App. P. Ann. 74(f) (Pamph. 1992).

 In this multifarious point of error, appellant urges that the trial court also erred in
admitting into evidence, over objection, Owen's testimony about the inspection of the intoxilyzer
on December 11, 1989. By combining more than one contention in a single point of error, an
appellant risks rejection on the ground that nothing is presented for review. Sterling v. State, 800
S.W.2d 513, 521 (Tex. Crim. App. 1990), cert. denied, ___ U.S. ___, 115 L. Ed. 2d 988 (1991). 
This point of error is multifarious and presents nothing for review. Adkins v. State, 764 S.W.2d
782, 785 (Tex. Crim. App. 1988); Macias v. State, 733 S.W.2d 192, 193 n.1 (Tex. Crim. App.
1987), cert. denied, 484 U.S. 1077 (1988).

 We do note that appellant attempts to rely on Cole v. State, No. 1179-87 (Tex.
Crim. App., November 14, 1990) (not yet reported), which was decided after the instant trial. 
In Cole, the court held that when the DPS chemist who actually performed the chemical analysos
of the substance submitted is absent, the testimony of a supervising chemist (or others) as to the
tests conducted and the results of the tests are inadmissible at trial as an exception to the hearsay
rule under Tex. R. Crim. Evid. Ann. 803(8)(B) (Pamph. 1982), and that the same evidence would
be inadmissible even as a business record exception to the hearsay rule under Tex. R. Crim. Evid.
Ann. 803(6) (Pamph. 1992).

 Assuming that appellant's general objections of "hearsay" or "hearsay to this
witness" are sufficient to preserve error, if any, we decline to rule on Cole's applicability to the
instant trial. Rehearing was granted in Cole on July 3, 1991, and Cole is still not final and is not
a part of the jurisprudence of this state. See Yeager v. State, 727 S.W.2d 280, 281 n.1 (Tex.
Crim. App. 1977); see also Brown v. State, 807 S.W.2d 615, 616 (Tex. App. 1991, no pet.). 
The Cole holding relies heavily upon United States v. Oates, 560 F.2d 45 (2nd Cir. 1977), which
has been severely criticized by other federal appellate courts and commentators. Several courts
of appeals have declined to apply Cole because it is not final. See e.g., Brown, 807 S.W.2d at
616; Garcia v. State, No. 05-91-00066-CR (Tex. App.--Dallas, May 21, 1992, no pet. h.);
Vasquez v. State, 814 S.W.2d 773, 776 (Tex. App. 1991. pet. ref'd). Most importantly in our
case, the point of error is multifarious and presents nothing for review. Appellant's third point
of error is overruled.

 In his fourth point of error, appellant contends that the trial court erred "by not
admitting relevant evidence concerning the Intoxilyzer 5000."

 Before trial, the trial court granted the State's motion in limine requesting that
appellant make no reference to the Intoxilyzer 5000, which was not involved in the instant case
and which was not relevant. During trial, appellant elicited from Ralph Owen, a chemist-toxicologist with the Austin Police Department, that the Intoxilyzer 4011 ASA was no longer in
use by the department, but had been replaced "by another instrument." Owen did not identify the
"instrument." Subsequently, appellant made his offer of proof, after the court excluded evidence
relating to the Intoxilyzer 5000.

 The offer of proof consisted of questions that appellant would have asked Owen. 
First, appellant stated that his main question would be: "If this old machine worked, then why
do you have a new one, that being the Model 5000?" Appellant offered nothing to show what the
answer would have been to this "main question." Thus, appellant failed to preserve for review
any answer to this question. Thompson v. State, 802 S.W.2d 840, 843 (Tex. App. 1989, pet.
ref'd); Tovar v. State, 777 S.W.2d 481, 491 (Tex. App. 1989, pet. ref'd). Appellant did not
show that the Intoxilyzer 5000 was in use or available to local law enforcement personnel at the
time of the test involved, or that it became available later. Moreover, appellant failed to establish
Owen's expertise with the Intoxilyzer 5000.

 Appellant, in his offer of proof, did state that he had other questions he would have
asked Owen if permitted. He would have asked if the "Model 5000" had an organic device, a
safeguard, and a breath-saving device which the "old machine" did not have. Appellant would
further have inquired if the breath-saving device would have enabled an independent test and
opinion on the breath sample saved, and would have asked if the "new machine" had a " two
testing and two results, a more scientific testing." Appellant also told the court he would ask:


 And Mr. Owen, isn't it correct that the same thing you are testifying saying
that those conditions that doesn't affect, the machine, the results of the machine,
are those not the same safeguards that were implemented in the new model 5000,
that being number one, organic detector?



 To each of the questions stated (except the first question), appellant merely
"assumed" or "expected" Owen's answer to each question to be "yes" or "correct." The trial
court refused to permit the questions to be asked of Owen.

 It is clear that appellant, by his offer of proof, attempted to show that, at least by
the time of the trial, there was a more state-of-the-art intoxilyzer than the one used in his case,
and to impeach a portion of Owen's testimony. In his brief, appellant now indicates that despite
the questions propounded it was his objective to impeach Officer Averitt's testimony, not Owen's
testimony, that certain conditions did not affect the reliability of the Model 4011 ASA intoxilyzer
that was used. It is obvious, at least in part, that the complaint on appeal does not comport with
the offer of proof or objection at trial. See Sterling, 800 S.W.2d at 521.

 As to the balance of the offer of proof, we observe that evidence which is not
relevant is inadmissible. Tex. R. Crim. Evid. Ann. 402 (Pamph. 1992). Rule 402 does make
plain, however, that all relevant evidence is admissible except as otherwise provided by
constitutions, by statutes, or by rules. See Medina v. State, 743 S.W.2d 950, 955 (Tex. App.
1988, pet. ref'd). "'Relevant evidence' means evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence." Tex. R. Crim. Evid. Ann. 401 (Pamph.
1992); Mayes v. State, 816 S.W.2d 79, 84 (Tex. Crim. App. 1991). Thus, Rule 401 requires that
the proffered evidence tend to render a contested material issue more or less probable. Garza v.
State, 715 S.W.2d 642, 644 (Tex. Crim. App. 1986).

 Exclusion of evidence does not result in reversible error unless to do so affects a
substantial right of the accused. See Tex. R. Crim. Evid. Ann. 103(a) (Pamph. 1992); Breeding
v. State, 809 S.W.2d 661, 663 (Tex. App. 1991, pet. ref'd). The trial court has wide discretion
in determining the admissibility of evidence. Dorsett v. State, 761 S.W.2d 432, 433 (Tex. App.
1988, pet. ref'd).

 Testimony that the Intoxilyzer 5000 has more devices or features than the "old
machine," elicited from a witness without establishing his knowledge or expertise, under the
circumstances given would not be relevant to any material issue in the case. The State further
urges that the exclusion of the offer of proof was proper because the evidence, if relevant, would
have the danger of confusing the issues or misleading the jury. See Tex. R. Crim. Evid. Ann.
403 (Pamph. 1992); Ybarra v. State, 768 S.W.2d 491, 495 (Tex. App. 1989, no pet.). We agree.

 We conclude that the trial court did not abuse its discretion, and that no substantial
right of the appellant was affected by the exclusion of the evidence in question. See Tex. R.
Crim. Evid. Ann. 103(a) (Pamph. 1992); Tex. R. App. P. Ann. 81(b)(2) (Pamph. 1992). The
fourth point of error is overruled.

 The judgment is affirmed.


 John F. Onion, Jr., Justice

[Before Justices Powers, Kidd and Onion*; Justice Powers Not Participating]

Affirmed

Filed: June 24, 1992

[Do Not Publish]







































* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   Challenges for cause not based on any ground mentioned in the statutes are ordinarily
addressed to the sound discretion of the trial court. Moore v. State, 542 S.W.2d 664, 669 (Tex.
Crim. App. 1976).
2.   Now see Tex. Sec'y of State, 37 Tex. Admin. Code § 19.03(c)(4) (Supp. 1992).