Carl Edward BEAVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–95–00269–CR.

Court of Appeals of Texas, Tyler.

June 27, 1996.

Discretionary Review Refused Jan. 29, 1997.

Robert B. Ardis, Sulphur Springs, for appellant.

Frank Long, Sulphur Springs, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is an appeal from a conviction for possession of a controlled substance, specifically, methamphetamine of four grams or more, but less than 200 grams, with intent to deliver. Appellant, Carl Edward Beaver, was tried and convicted by a jury in district court in Hopkins County, Texas. The trial judge assessed Appellant's punishment at 80 years' imprisonment and a $20,000.00 fine. On appeal Appellant assigns seven points of error. We will affirm.

On October 6, 1994, police officers obtained a search warrant for Appellant's radiator shop located in the Birthright Community of Hopkins County. The officers also obtained an arrest warrant for Appellant. When the officers arrived to search the radiator shop, Appellant's brother, Kenneth Beaver, was at the shop. While searching the shop, Investigator Ron Plaxco ("Plaxco") noticed an individual going in and out of Appellant's mobile home which was located approximately 200 feet from the radiator shop. The officers knew Appellant lived in the mobile home. In order to arrest Appellant, Officers Plaxco and Hurley went to the mobile home and knocked on the door. Appellant asked the officers to come in. When the officers entered, Appellant was sitting at a table drinking a beer with another individual. The officers informed Appellant that they had searched his radiator shop for drugs and also told Appellant to sit down while they performed a protective sweep to assure their safety inside the mobile home. Plaxco looked in the bedroom and observed a scale which, in his opinion, was used in weighing controlled substances. In the bathroom, Plaxco observed two trays which appeared to be dripping from a recent washing. At trial, Plaxco testified this type of tray was normally used to "cut" drugs. The protective search lasted approximately one minute. When Plaxco returned, he asked Appellant if he had recently disposed of drugs. Appellant replied that he had flushed the drugs. Without removing anything from the mobile home, Plaxco proceeded to take Appellant

and the other individual to the radiator shop where the officers had discovered drugs and paraphernalia. At the radiator shop, Appellant was handcuffed and given his *Miranda* warning. The officers then secured the mobile home. Subsequently, Plaxco obtained an additional search warrant for Appellant's mobile home based upon his observation of the scales, the dripping trays, and on Appellant's statement regarding his disposal of the drugs. While executing the second search warrant, officers conducted a search of Appellant's mobile home and found methamphetamine, syringes, scales and other equipment used in the drug trade.

In his first point of error, Appellant alleges the court erred in admitting evidence from the mobile home because the officers illegally detained him. Because Plaxco did not arrest Appellant immediately, Appellant maintains the officers illegally detained and searched Appellant. We disagree.

An appellate court reviews a trial court's ruling on a motion to suppress to determine whether the trial court clearly abused its discretion. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Cr.App.1985); *State v. Lott,* 844 S.W.2d 917, 919 (Tex.App.—Tyler 1992, no writ).

■ "A person is arrested when he has been actually placed under restraint or taken into custody." Tex.Code Crim.Proc.Ann. § 15.22 (Vernon 1994). "It is not the actual physical taking into custody that will constitute an arrest. An arrest is complete whenever a person's liberty of movement is restricted or restrained." *Hardinge v. State,* 500 S.W.2d 870, 873 (Tex.Cr.App.1973). A person is "seized" if a reasonable person would have believed he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). No "magic words" are required to effect an arrest. *Mendenhall,* 446 U.S. at 554, 100 S.Ct. at 1877; *McCrory v. State,* 643 S.W.2d 725, 726 n. 3 (Tex.Cr.App.1982). A search incident to a lawful arrest is permissible even if the arrest takes place after the search as long as the arrest is supported by probable cause and formal custodial arrest takes place quickly after the search.

*Williams v. State,* 726 S.W.2d 99 (Tex.Cr. App.1986).

■ The officers detained Appellant prior to arrest only long enough to conduct a protective sweep for their own safety. The officers had observed individuals walking in and out of the Appellant's mobile home behind the radiator shop. The officers went to the mobile home to execute the warrant for Appellant's arrest and told Appellant they were going to perform a protective sweep to determine what other persons might be in the mobile home and if those persons were armed. The sweep was cursory and limited only to open areas. Officers told Appellant to sit down, which he did. Shortly after the protective sweep, the officers arrested Appellant. The officers detained Appellant only long enough to ensure their safety. Because Appellant was legally detained, the trial court did not abuse its discretion in admitting the subsequently seized evidence. We overrule Appellant's first point of error.

■ In his second point, Appellant complains that the court erred in admitting the evidence obtained from his mobile home because the arresting officers failed to inform him of the arrest warrant. We disagree.

"In executing a warrant of arrest, it shall always be made known to the accused under what authority the arrest is made." Tex. Code Crim.Proc.Ann. art. 15.26 (Vernon 1977). Therefore, an officer making an arrest should always inform the accused of the existence of the warrant. However, an officer's failure to comply with the formal requisites of article 15.26 does not render an arrest illegal or invalid. *Jones v. State,* 568 S.W.2d 847, 858 (Tex.Cr.App.), *cert. denied,* 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1978).

Although the officers arresting Appellant may have failed to inform Appellant of the arrest warrant, this omission is not fatal. We overrule Appellant's second point of error.

In his third point, Appellant contends the trial court erred in admitting the evidence obtained at the mobile home because the protective sweep went beyond its permissible scope. Under this point, Appellant argues

that Plaxco searched rooms that did not adjoin the living room where he was detained, and therefore the search exceeded the scope of a "protective sweep." We disagree.

■■■ The Fourth and Fourteenth Amendments protect citizens against unreasonable searches and seizures. U.S. CONST. amends. IV, XIV. A warrantless search is *per se* unreasonable subject to certain exceptions. *United States v. Karo*, 468 U.S. 705, 717, 104 S.Ct. 3296, 3304–05, 82 L.Ed.2d 530 (1984). Consent search incident to a lawful arrest and a protective sweep under exigent circumstances are among the recognized exceptions. *Maryland v. Buie*, 494 U.S. 325, 327, 110 S.Ct. 1093, 1094, 108 L.Ed.2d 276 (1990). "A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." *Id.* Incident to an arrest, officers may, as a precautionary measure "and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." *Buie*, 494 U.S. at 334, 110 S.Ct. at 1098. "There must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Buie*, 494 U.S. at 334, 110 S.Ct. at 1098. Under the reasoning in *Buie*, the officers' search did not exceed the permissible scope of a protective sweep. Plaxco testified that unidentified persons had gone in and out of the mobile home during the search of the radiator shop. When the officers entered Appellant's mobile home, they did not know how many persons remained inside. The officers could draw a rational inference based upon their experience as officers in the arresting of suspected individuals involved in drug activity at a given place. The north bedroom and bathroom, where the scales and dishes were observed, were adjacent to the living room where Appellant was located. The officers here did not look in drawers or other closed areas. We cannot say the trial court abused its

discretion in inherently finding that the officers had not exceeded the scope of their protective sweep. We therefore overrule point of error three.

In his fourth and fifth points, Appellant complains that the trial court erred in admitting the evidence obtained in the mobile home because the search was unreasonable, and was made without effective consent, a warrant, or probable cause; and alternatively, that any consent given by Appellant was tainted by Appellant's illegal detention. We disagree.

■ Because the search was a protective sweep and done pursuant to and incident to arrest under the warrant, Appellant's consent is irrelevant. Appellant is constitutionally protected from unreasonable searches and seizures. Both protective sweeps and consent are exceptions to the general rule that a warrantless search is unreasonable. Because the officers were entitled to perform a cursory sweep of the premises under the "protective sweep" doctrine, the search was reasonable and Appellant's consent was not required. We therefore overrule Appellant's fourth and fifth points of error.

In his sixth point of error, Appellant claims the court erred in admitting the evidence because the State did not prove that Appellant exercised care, control and management of the controlled substance and paraphernalia found in the radiator shop, or that Appellant knew he possessed the drugs. We construe Appellant's point of error as raising a sufficiency of the evidence point. Appellant specifically complains of the search of the radiator shop. Appellant argues that he was in his home while officers arrested other individuals at the radiator shop for possession of marijuana. Appellant therefore maintains that a reasonable inference could be made that the individuals arrested in the shop, and not Appellant, were the ones who had hidden the contraband at the radiator shop. Additionally, Appellant claims there was no testimony that he actually operated this shop. Finally, Appellant states that his brother was working at the shop the day of the raid, and therefore, the reasonable infer-

ence would be that his brother was operating the shop. We disagree.

■ In reviewing the legal sufficiency of the evidence in a criminal case, we determine, after viewing the evidence in the light most favorable to the jury's verdict, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Cr.App.1989), *cert. denied*, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *see also Matson v. State*, 819 S.W.2d 839, 843 (Tex.Cr.App.1991). In doing so, we do not usurp the role of the jury, which is to resolve conflicts in the evidence, weigh the credibility of witnesses, and accept or reject all or part of any witness' testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Cr.App.1992). Any inconsistencies in the evidence are resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Cr.App.1988).

■ To convict a defendant of unlawful possession of contraband, the State must adduce sufficient evidence to prove that the defendant exercised care, control, and management over the contraband, and that the defendant knew that the matter possessed was contraband. *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex.Cr.App. [Panel Op.] 1981). The State need not prove that the defendant had exclusive possession of the contraband. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Cr.App.1985); *Rhyne v. State*, 620 S.W.2d at 601. Where the defendant is not in exclusive possession of the place where the contraband is found, however, the evidence must establish "that the accused's connection with the drugs was more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Cr.App.1995).

■ At trial, the officers testified they were personally familiar with the radiator shop and that Appellant owned and operated the shop. The State introduced letters, bills, and invoices connecting Appellant to both the shop and mobile home. Appellant's mother, Margaret Beaver, owned the radiator shop, but leased it to her sons, Kenneth Beaver and Appellant, who operated the shop. Ad-

ditionally, the officers found small "ziploc baggies," in a tool box and in a bathroom medicine cabinet at the shop, and also in the mobile home. Trial testimony established that drug operators used these baggies to hold small quantities of methamphetamine for sale. The presence of the baggies in both the trailer and the radiator shop constitutes an additional link between Appellant and the evidence. Officers also found a notebook in the radiator shop which contained information about both radiator repairs performed and drug transactions. The evidence established that Appellant's connection to the drugs and paraphernalia found in the shop was not merely fortuitous. We therefore overrule Appellant's point of error number six.

■ In his seventh point of error, Appellant claims that the State did not prove venue. We disagree.

Article 13.17 of the Code of Criminal Procedure provides:

> In all cases mentioned in this Chapter, the indictment or information, or any pleading in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue.

Tex.Code Crim.Proc.Ann. § 13.17 (Vernon 1994). Because venue is not a criminative fact, it need not be proved beyond a reasonable doubt, but rather by a preponderance of the evidence. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Cr.App. [Panel Op.] 1981).

■ Several officers testified to taking part in the execution of Appellant's search warrant in Hopkins County. Investigator Avery, Plaxco, and Mayberry all testified that they took part in the execution of the search warrant on October 6, 1994 in the Birthright Community north of Sulphur Springs in Hopkins County, Texas. That, combined with the arrest of the Appellant and the search of both the shop and the mobile home as a result of the search, was sufficient to prove, by a preponderance of the

evidence, that venue was in Hopkins County. We overrule Appellant's seventh point of error.

Having found no error, the judgment of the trial court is, in all things, affirmed.