NO. 07-02-0248-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



 MAY 16, 2003


______________________________



LAYTON JOHN MAYES
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;



NO. 3709; HON. TOM NEELY, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Via two issues, appellant Layton John Mayes challenges the legal and factual
sufficiency of the evidence to support his conviction for the offense of possession with
intent to manufacture methamphetamine. We affirm the judgment.

 Background


 On the late evening of March 22 or earlier morning of the 23rd, 2001, Deputy
Edward Urban drove by a trailer house at 1106 West 13th Street in Quanah where he
believed appellant to live. There, he saw appellant's vehicle parked in the driveway to the
trailer house and smelled a strong odor of ether coming from the trailer. He then notified
Officer John Spragins with the North Texas Regional Drug Task Force and assisted him
in preparing and obtaining a search warrant for the residence. The latter had been the
subject of an ongoing investigation into the manufacture of methamphetamine. Upon
obtaining the warrant, officers searched the locale around 3:00 a.m. They discovered
methamphetamine along with a number of items used in the manufacture of the substance,
such as cans of starter fluid with holes in them, acetone, sulfuric acid, plastic tubing, coffee
filters, plastic scales, salt, lithium batteries, an air pump, and wooden spoons. Though
appellant was not present when the search occurred, he was eventually located by police
and returned to the premises. 

Sufficiency of the Evidence


 Standard of Review

 In his two issues, appellant contends the evidence is legally and factually insufficient
to support the verdict. The standards by which we review sufficiency challenges are well
established, and we need not reiterate them. Instead, we cite the parties to Jackson v.
Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Sims v. State, 99
S.W.3d 600, 601 (Tex. Crim. App. 2003); Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003); and King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) for
their explanation. (1) 

 Next, the State indicted appellant for "intentionally and knowingly possess[ing], with
intent to manufacture, a controlled substance, namely, methamphetamine, in an amount
of 200 grams or more but less than 400 grams . . . ." To secure a conviction under these
circumstances, the State must prove that the defendant exercised care, custody, or control
over the drugs, was conscious of his connection with the drugs, and knew the substance
to be drugs. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); Park v. State,
8 S.W.3d 351, 352 (Tex. App.--Amarillo 1999, no pet.). The evidence illustrating same
may be either direct or circumstantial, but irrespective of which it is, it nevertheless must
be adequate to illustrate, "to the requisite level of confidence, that the . . . connection with
the drug was more than just fortuitous." Brown v. State, 911 S.W.2d at 747. In making this
determination, the courts have developed various indicia deemed helpful. Though not
exclusive, they include such things as whether 1) the accused was present when the
search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs
were near the defendant, 4) the defendant was found under the influence of the substance
found, 5) the defendant possessed other contraband or drug paraphernalia when arrested,
6) the defendant made any incriminating statements, 7) the defendant attempted to flee,
8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at
the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had
the right to exclusive or joint possession of the locale at which the drugs were found, 12)
the place where the drugs were found was enclosed, 13) the accused attempted to conceal
the contraband, and 14) the accused was familiar with the type of contraband. Kyte v.
State, 944 S.W.2d 29, 31 (Tex. App.--Texarkana 1997, no pet.); Hurtado v. State, 881
S.W.2d 738, 743 n.1 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). Lastly, the number
of factors established is not as important as the degree to which they tend to affirmatively
link the defendant to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App. --
Tyler 1995, pet. ref'd). 

 Application of the Standard

 Evidence of record shows that the trailer house at 1106 W. 13th was located on
property belonging to appellant's parents; they resided at 1108 W. 13th. Additionally,
appellant told the police that the trailer was his house. So too did he give the address of
the trailer as his residence when arrested. On another occasion, officers served appellant
with legal papers (related to another matter) at the trailer. Furthermore, a prescription
bottle with appellant's name on it was also discovered in the trailer when it was searched.

 Next, according to appellant's mother, appellant left her house around midnight
purportedly to obtain cigarettes and did not return until he was arrested. The time he left
was also the approximate time at which Deputy Urban drove by the trailer, saw a light on,
and smelled ether coming from the abode. Although evidence appeared of record
indicating that appellant's son, Jason, lived in the trailer as well, we cannot ignore that
evidence establishing that he could not have been the person within the trailer when the
deputy drove by. Simply put, Jason was confined in the Hardeman County jail when that
occurred. Indeed, he had been so confined for approximately ten days. 

 To the foregoing recitation of evidence we add that two large bottles of
methamphetamine along with a majority of the paraphernalia used to manufacture it were
found in plain view within the abode. Finally, the smell of ether which first attracted Deputy
Urban's attention was also noticed in the trailer when the search was conducted.

 The foregoing provides some evidence upon which a rational jury could infer,
beyond reasonable doubt, that appellant exercised care, custody, or control over the drugs
in the trailer, was conscious of his connection with the drugs, and knew the substance to
be drugs. That is, it constituted some evidence enabling the jury to rationally conclude,
beyond reasonable doubt, that appellant intentionally and knowingly possessed, with intent
to distribute, that controlled substance. So, the verdict of guilty enjoyed the support of
legally sufficient evidence. See Beaver v. State, 942 S.W.2d 626, 631 (Tex. App.--Tyler
1996, pet. ref'd) (holding that the defendant's connection to drugs and paraphernalia found
in a radiator shop was not merely fortuitous when the officers personally knew that the
defendant operated the shop; letters, bills, and invoices connected the defendant to both
the shop and a nearby mobile home; the defendant's mother owned the shop but leased
it to her two sons; small ziploc baggies such as those used to hold methamphetamine for
sale were found in a tool box at the shop and in the mobile home; and a notebook was
found in the shop containing information about radiator repairs and drug transactions);
Brown v. State, 807 S.W.2d 615, 617 (Tex. App.--Houston [14th Dist.] 1991, no pet.)
(holding there were sufficient links to a mobile home and contraband found therein when
the defendant's wife was present at the time a search warrant was executed, an envelope
addressed to the defendant and some photographs of him were found in the mobile home,
the husband of the manager of the trailer park testified that the defendant and his wife lived
there on the day the search warrant was executed, and the defendant had paid rent on the
unit).

 As to the factual sufficiency of the evidence, appellant attacks the circumstantial
nature of the evidence. That his mother testified he lived with her, that his son Jason lived
in the trailer and purportedly owned various of the paraphernalia found in it, that appellant
was not present when the search occurred, and that no one saw him buy any of the
ingredients for the contraband illustrate that the verdict was factually insufficient, according
to appellant. Yet, the evidence upon which appellant relies does not explain the smell of
ether coming from a locale which appellant considered his home and at a time when the
person who appellant suggests manufactured the drug sat in jail. Nor does it explain away
the evidence that appellant excused himself from his mother's house at approximately the
same time an officer saw appellant's car in the trailer's driveway, the lights on in his abode
and smelled ether. That his son bought or owned some of the equipment and ingredients
used to make the drug does not negate the reasonable inferences arising from the
evidence that Jason was in jail when appellant excused himself from his mother's home
around the same time lights were seen in a trailer appellant called home and the smell of
ether (a smell commonly related to the manufacture of methamphetamine) emanated from
that home. Simply put, none of the evidence mentioned by appellant negates the
reasonable inferences that he had access to the trailer and possessed the
methamphetamine in it. Given this and the truism that a jury can choose what evidence
to believe or disbelieve, we cannot say that the evidence of guilt was so weak as to render
a verdict of guilty clearly wrong or manifestly unjust. See Zuliani v. State, 97 S.W.2d at 593
(stating this to be one of the two applicable standards of review). Nor can we hold that the
finding of guilt is so contrary to the great weight and preponderance of the evidence as to
be clearly wrong. See id. (stating this to be the other applicable standard of review). 
Consequently, the jury's verdict enjoys the support of factually sufficient evidence as well.

 We overrule appellant's issues and affirm the judgment of the trial court.



 Brian Quinn

Do not publish. Justice
1. To the extent that appellant argues that circumstantial evidence is not legally sufficient to support
a verdict if it fails to exclude every other reasonable hypothesis, that rule was abrogated in Geesa v. State,
820 S.W.2d 154, 160-61 (Tex. Crim. App. 1991), overruled in part on other grounds by Paulson v. State, 28
S.W.3d 570 (Tex. Crim. App. 2000) . 



miHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00091-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JULY
29, 2010

 



 

ALTON ARMSTRONG, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 50,712-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant, Alton Armstrong, appeals
from an adjudication of guilt of the offense of aggravated assault with a
deadly weapon.[1]  Through three issues, appellant generally
contests court costs assessed against him. 
We overrule appellants first issue, decline to address the remaining
issues, and affirm the trial courts judgment.

 

 

Factual and Procedural Background

            On
August 8, 2005, appellant entered a plea of guilty to the offense of aggravated
assault with a deadly weapon pursuant to a plea agreement.  As part of the plea agreement, no finding of
guilt was entered against appellant, and he was placed on deferred adjudication
community supervision for two years. 
Subsequently, the community supervision order was amended on January 25,
2006, and again on July 6, 2007. 
Thereafter, the State filed a motion to proceed to adjudication on April
23, 2008.  This resulted in an order, entered
on August 11, 2008, continuing appellant on community supervision but modifying
and extending the community supervision. 
On October 17, 2008, the trial court again entered an order amending the
terms and conditions of community supervision. 
Finally, on November 18, 2008, the State filed a motion to proceed to
adjudication that resulted in the judgment from which appellant appeals.  At the hearing on the States motion, on
February 26, 2009, appellant pleaded true to the allegations specifying the violations
of community supervision alleged by the State. 
The trial court sentenced appellant to serve six years in the
Institutional Division of the Texas Department of Criminal Justice.  

            The
essence of appellants issues concerns the relationship between the written
judgment and the bill of cost submitted by the district clerk.  His first issue asks this Court to determine
whether, absent written or oral incorporation of the bill of costs in the
judgment, the bill of costs is part of the judgment or otherwise of any
effect.  Second, appellant asks whether,
if the bill of cost has any effect, there is sufficient evidence in the record
to support an order for appellant to pay court-appointed attorneys fees.  Finally, appellant asks, in the alternative,
whether the bill of costs constitutes an order that appellant pay a specific
sum in court-appointed attorneys fees.

Assessment of Court Costs

            By
his first issue, Appellant contends that, absent incorporation by reference in
the judgment,[2]
the clerks bill of costs is of no force or effect.  The judgment in question orders appellant to
pay all fines, court costs, and restitution as indicated above, but the
court costs field in the judgment is blank. 
The clerks record contains a bill of costs issued by the district clerk
reflecting total costs of $2,258.00.

            Except
for $1,900.00 in attorneys fees for his court-appointed attorneys, which we
address later in this opinion, all the costs listed on the clerks bill of
costs appear to be among those listed in section 102.021 or section 102.041 of
the Government Code.  Tex. Govt Code Ann.  §§ 102.021, 102.041 (Vernon 2005 and Supp. 2009).  The obligation of a person to pay such costs,
and the obligation of the court clerk to collect them, is established by
statute, not court order.  See, e.g., Tex. Code Crim. Proc. Ann. art. 102.005 (Vernon 2005)
(providing, as to fee for services of the clerk of the court, that a defendant
convicted in the court shall pay the fee); Tex.
Govt Code Ann. § 102.021 (providing clerk of
a district court shall collect fees and costs on conviction of a defendant).

            As
stated by the Texas Court of Criminal Appeals, those fees are an assessment
against a convicted defendant, not as an additional penalty for the crime
committed, but as a non-punitive recoupment of the costs of judicial resources
expended in connection with the trial of the case.  Weir v State, 278
S.W.3d 364, 366 (Tex.Crim.App. 2009).  Because those costs are non-punitive, the
court held they did not have to be included in the trial courts oral
pronouncement of sentence as a precondition to their inclusion in the trial
courts written judgment.  Id. at 367.  We
further conclude that because the costs, other than the attorneys fees, of
which appellant complains are his predetermined, legislatively-mandated
obligations, resulting from his conviction, the clerks certified bill of costs
imposes an obligation upon him to pay the costs, again other than attorneys
fees, whether or not that bill is incorporated by reference into the
judgment.  Id.
at 366.  Accordingly, we overrule
appellants first issue.

Collection of Costs

            Appellants
remaining two conditional issues are more nearly related to the terms of the
trial courts judgment, but we find we are not permitted to address these
matters in this appeal because they concern collection, rather than assessment,
of costs. Our high courts have drawn a distinction between these two matters,
and we adhere to that distinction by respectfully declining to address civil
matters in this direct appeal from a criminal conviction.  See Harrell, 286
S.W.3d at 318; Johnson, 280 S.W.3d at 869.

            So,
to the extent that appellants issues raise matters relating to the ability to
collect costs, we do not address such matters; they are properly a matter for a
civil proceeding related to the collection of costs under the procedure
outlined by the Texas Government Code.  See
Tex. Govt
Code Ann.  § 501.014(e) (Vernon
Supp. 2009).  In the record before us,
there is no order from the convicting court authorizing withdrawal of funds
from appellants inmate trust account.[3]  In other words, no effort has been made to
collect these costs.  Consequently, any
analysis concerning the ability to collect costs would be advisory in nature,
and we will not render such a judgment.

            Judicial
power is the power of a court to decide and pronounce a judgment and carry it
into effect between persons and parties who bring a case before it for a
decision.  Garrett
v. State, 749 S.W.2d 784, 803 (Tex.Crim.App.
1988) (op. on rehg).  Judicial power does not include the power to
issue advisory opinions.  Id.  The underlying case between the parties is
not one that involves questions of collection of court costs.  Any attempt to address issues concerning the
ability to collect court costs would result in the rendering of an advisory
opinion because we are not faced with an appeal of an order authorizing the
withdrawal of funds from appellants trust account, a matter of enforcement or
collection and outside the purview of a direct appeal of a criminal
conviction.  See Harrell, 286 S.W.3d at 318. 
That said, we do not address the substance of
appellants second and third conditional issues.  See Dix v. State, 289 S.W.3d
333, 335 (Tex.App.Eastland 2009, pet. refd) (noting that appellant did not contend that trial
court erred and did not challenge his conviction and declining to address
points of error that would result in an advisory opinion); see also Tex. R. App. P. 47.1 (requiring appellate court to address every
issue raised and necessary to final disposition of the appeal).

 

Conclusion

            Having
overruled appellants first issue and having determined that we may not address
the remaining issues concerning the collection of court costs, we affirm the
trial courts judgment. 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Pirtle, J., concurring.  

 

Publish.  

            











[1] See Tex. Penal Code Ann. § 22.02(a)(2)(Vernon Supp. 2009).

 





[2] Appellant contrasts the judgment in this case with
that in Perez v. State, 280 S.W.3d 886, 887 (Tex.App.Amarillo
2009, no pet.), which ordered that the State recover of the defendant all
costs in this proceeding incurred, as set out in the Bill of Costs attached
hereto. . . .





[3] Our law permits the Texas Department of Criminal
Justice to withdraw funds from an inmate's trust account when such has been
authorized by the trial court of conviction and is pursuant to an order by the
court to pay items included in a prioritized statutory list.  Tex. Govt Code Ann. § 501.014(e).