NO. 07-02-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 16, 2003
_____

LAYTON JOHN MAYES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3709; HON. TOM NEELY, PRESIDING
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Via two issues, appellant Layton John Mayes challenges the legal and factual sufficiency of the evidence to support his conviction for the offense of possession with intent to manufacture methamphetamine.  We affirm the judgment.

### Background

On the late evening of March 22 or earlier morning of the 23rd, 2001, Deputy Edward Urban drove by a trailer house at 1106 West 13th Street in Quanah where he believed appellant to live.  There, he saw appellant's vehicle parked in the driveway to the trailer house and smelled a strong odor of ether coming from the trailer.  He then notified

Officer John Spragins with the North Texas Regional Drug Task Force and assisted him in preparing and obtaining a search warrant for the residence. The latter had been the subject of an ongoing investigation into the manufacture of methamphetamine. Upon obtaining the warrant, officers searched the locale around 3:00 a.m. They discovered methamphetamine along with a number of items used in the manufacture of the substance, such as cans of starter fluid with holes in them, acetone, sulfuric acid, plastic tubing, coffee filters, plastic scales, salt, lithium batteries, an air pump, and wooden spoons. Though appellant was not present when the search occurred, he was eventually located by police and returned to the premises.

### *Sufficiency of the Evidence*

*Standard of Review*

In his two issues, appellant contends the evidence is legally and factually insufficient to support the verdict. The standards by which we review sufficiency challenges are well established, and we need not reiterate them. Instead, we cite the parties to *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Sims v. State*, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003); *Zuliani v. State,* 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003); and *King v. State,* 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000) for their explanation.[1]

Next, the State indicted appellant for "intentionally and knowingly possess[ing], with intent to manufacture, a controlled substance, namely, methamphetamine, in an amount

---

[1]To the extent that appellant argues that circumstantial evidence is not legally sufficient to support a verdict if it fails to exclude every other reasonable hypothesis, that rule was abrogated in *Geesa v. State*, 820 S.W.2d 154, 160-61 (Tex. Crim. App. 1991), *overruled in part on other grounds by Paulson v. State,* 28 S.W.3d 570 (Tex. Crim. App. 2000) .

2

of 200 grams or more but less than 400 grams . . . ."  To secure a conviction under these circumstances, the State must prove that the defendant exercised care, custody, or control over the drugs, was conscious of his connection with the drugs, and knew the substance to be drugs.  *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Park v. State,* 8 S.W.3d 351, 352 (Tex. App.--Amarillo 1999, no pet.).  The evidence illustrating same may be either direct or circumstantial, but irrespective of which it is, it nevertheless must be adequate to illustrate, "to the requisite level of confidence, that the . . . connection with the drug was more than just fortuitous."  *Brown v. State,* 911 S.W.2d at 747.  In making this determination, the courts have developed various indicia deemed helpful.  Though not exclusive, they include such things as whether 1) the accused was present when the search was conducted, 2) the contraband was plainly visible by those present, 3) the drugs were near the defendant, 4) the defendant was found under the influence of the substance found, 5) the defendant possessed other contraband or drug paraphernalia when arrested, 6) the defendant made any incriminating statements, 7) the defendant attempted to flee, 8) the defendant made furtive gestures, 9) the contraband emitted a recognizable odor at the time, 10) other contraband or drug paraphernalia was present, 11) the defendant had the right to exclusive or joint possession of the locale at which the drugs were found, 12) the place where the drugs were found was enclosed, 13) the accused attempted to conceal the contraband, and 14) the accused was familiar with the type of contraband.  *Kyte v. State,* 944 S.W.2d 29, 31 (Tex. App.--Texarkana 1997, no pet.); *Hurtado v. State,* 881 S.W.2d 738, 743 n.1 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).  Lastly, the number of factors established is not as important as the degree to which they tend to affirmatively

link the defendant to the contraband. *Wallace v. State,* 932 S.W.2d 519, 524 (Tex. App. -- Tyler 1995, pet. ref'd).

*Application of the Standard*

Evidence of record shows that the trailer house at 1106 W. 13th was located on property belonging to appellant's parents; they resided at 1108 W. 13th. Additionally, appellant told the police that the trailer was his house. So too did he give the address of the trailer as his residence when arrested. On another occasion, officers served appellant with legal papers (related to another matter) at the trailer. Furthermore, a prescription bottle with appellant's name on it was also discovered in the trailer when it was searched.

Next, according to appellant's mother, appellant left her house around midnight purportedly to obtain cigarettes and did not return until he was arrested. The time he left was also the approximate time at which Deputy Urban drove by the trailer, saw a light on, and smelled ether coming from the abode. Although evidence appeared of record indicating that appellant's son, Jason, lived in the trailer as well, we cannot ignore that evidence establishing that he could not have been the person within the trailer when the deputy drove by. Simply put, Jason was confined in the Hardeman County jail when that occurred. Indeed, he had been so confined for approximately ten days.

To the foregoing recitation of evidence we add that two large bottles of methamphetamine along with a majority of the paraphernalia used to manufacture it were found in plain view within the abode. Finally, the smell of ether which first attracted Deputy Urban's attention was also noticed in the trailer when the search was conducted.

The foregoing provides some evidence upon which a rational jury could infer, beyond reasonable doubt, that appellant exercised care, custody, or control over the drugs

4

in the trailer, was conscious of his connection with the drugs, and knew the substance to be drugs. That is, it constituted some evidence enabling the jury to rationally conclude, beyond reasonable doubt, that appellant intentionally and knowingly possessed, with intent to distribute, that controlled substance. So, the verdict of guilty enjoyed the support of legally sufficient evidence. *See Beaver v. State,* 942 S.W.2d 626, 631 (Tex. App.--Tyler 1996, pet. ref'd) (holding that the defendant's connection to drugs and paraphernalia found in a radiator shop was not merely fortuitous when the officers personally knew that the defendant operated the shop; letters, bills, and invoices connected the defendant to both the shop and a nearby mobile home; the defendant's mother owned the shop but leased it to her two sons; small ziploc baggies such as those used to hold methamphetamine for sale were found in a tool box at the shop and in the mobile home; and a notebook was found in the shop containing information about radiator repairs and drug transactions); *Brown v. State,* 807 S.W.2d 615, 617 (Tex. App.--Houston [14th Dist.] 1991, no pet.) (holding there were sufficient links to a mobile home and contraband found therein when the defendant's wife was present at the time a search warrant was executed, an envelope addressed to the defendant and some photographs of him were found in the mobile home, the husband of the manager of the trailer park testified that the defendant and his wife lived there on the day the search warrant was executed, and the defendant had paid rent on the unit).

As to the factual sufficiency of the evidence, appellant attacks the circumstantial nature of the evidence. That his mother testified he lived with her, that his son Jason lived in the trailer and purportedly owned various of the paraphernalia found in it, that appellant was not present when the search occurred, and that no one saw him buy any of the

5

ingredients for the contraband illustrate that the verdict was factually insufficient, according to appellant. Yet, the evidence upon which appellant relies does not explain the smell of ether coming from a locale which appellant considered his home and at a time when the person who appellant suggests manufactured the drug sat in jail. Nor does it explain away the evidence that appellant excused himself from his mother's house at approximately the same time an officer saw appellant's car in the trailer's driveway, the lights on in his abode and smelled ether. That his son bought or owned some of the equipment and ingredients used to make the drug does not negate the reasonable inferences arising from the evidence that Jason was in jail when appellant excused himself from his mother's home around the same time lights were seen in a trailer appellant called home and the smell of ether (a smell commonly related to the manufacture of methamphetamine) emanated from that home. Simply put, none of the evidence mentioned by appellant negates the reasonable inferences that he had access to the trailer and possessed the methamphetamine in it. Given this and the truism that a jury can choose what evidence to believe or disbelieve, we cannot say that the evidence of guilt was so weak as to render a verdict of guilty clearly wrong or manifestly unjust. *See Zuliani v. State*, 97 S.W.2d at 593 (stating this to be one of the two applicable standards of review). Nor can we hold that the finding of guilt is so contrary to the great weight and preponderance of the evidence as to be clearly wrong. *See id*. (stating this to be the other applicable standard of review). Consequently, the jury's verdict enjoys the support of factually sufficient evidence as well.

We overrule appellant's issues and affirm the judgment of the trial court.


Brian Quinn
Do not publish.                                                            Justice

6