NO. 07-09-0112-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 24, 2009
______________________________

TERRY LYNN SMITH,

                                                                                                 Appellant

V.

ROY CLINTON FARRELL, JR., individually and as
Trustee of the Roy Farrell Jr. Separate Trust,

                                                                                                 Appellee 
 
_________________________________

FROM THE 46th DISTRICT COURT OF WILBARGER COUNTY;

NO. 24,777; HONORABLE DAN MIKE BIRD, JUDGE
_______________________________

MEMORANDUM OPINION
 _______________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Terry Lynn Smith (appellant) filed a pro se notice of appeal in effort to contest the
final summary judgment entered by the trial court in favor of Roy Clinton Farrell, Jr.,
individually and as trustee of the Roy Farrell Jr. Separate Trust. We dismiss the appeal. 
          The clerk’s record was filed with this court on April 6, 2009. Being an appeal from
a summary judgment, no reporter’s record was necessary. See Tex. R. Civ. P. 166a(c)
(stating that no oral testimony shall be received at a summary judgment hearing); Lake v.
McCoy, 188 S.W.3d 376, 378 (Tex. App.–Dallas 2006, no pet.) (stating the same). So,
appellant’s brief fell due on May 6, 2009. It was not received, however. By letter dated
May 19, 2009, we notified appellant that the due date for the brief had lapsed, that the brief
had not been filed, and that no motion to extend the deadline had been received by the
court. Citing Tex. R. App. P. 38.8, the letter also notified appellant that the appeal would
be subject to dismissal unless a response reasonably explaining his failure to file a brief
was submitted by May 29, 2009. On May 28, 2009, appellant filed a request for an
extension of time to file his brief, which was granted to June 22, 2009. The Court’s letter
also stated that if appellant’s brief was not filed by June 22, 2009, the appeal would be
dismissed for want of prosecution. No brief has been filed. 
          Accordingly, we dismiss the appeal for want of prosecution. Tex. R. App. P. 
38.8(a)(1); 42.3(b).
 
                                                                           Per Curiam



ntraband. Kyte v.
State, 944 S.W.2d 29, 31 (Tex. App.--Texarkana 1997, no pet.); Hurtado v. State, 881
S.W.2d 738, 743 n.1 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). Lastly, the number
of factors established is not as important as the degree to which they tend to affirmatively
link the defendant to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App. --
Tyler 1995, pet. ref'd). 

 Application of the Standard

 Evidence of record shows that the trailer house at 1106 W. 13th was located on
property belonging to appellant's parents; they resided at 1108 W. 13th. Additionally,
appellant told the police that the trailer was his house. So too did he give the address of
the trailer as his residence when arrested. On another occasion, officers served appellant
with legal papers (related to another matter) at the trailer. Furthermore, a prescription
bottle with appellant's name on it was also discovered in the trailer when it was searched.

 Next, according to appellant's mother, appellant left her house around midnight
purportedly to obtain cigarettes and did not return until he was arrested. The time he left
was also the approximate time at which Deputy Urban drove by the trailer, saw a light on,
and smelled ether coming from the abode. Although evidence appeared of record
indicating that appellant's son, Jason, lived in the trailer as well, we cannot ignore that
evidence establishing that he could not have been the person within the trailer when the
deputy drove by. Simply put, Jason was confined in the Hardeman County jail when that
occurred. Indeed, he had been so confined for approximately ten days. 

 To the foregoing recitation of evidence we add that two large bottles of
methamphetamine along with a majority of the paraphernalia used to manufacture it were
found in plain view within the abode. Finally, the smell of ether which first attracted Deputy
Urban's attention was also noticed in the trailer when the search was conducted.

 The foregoing provides some evidence upon which a rational jury could infer,
beyond reasonable doubt, that appellant exercised care, custody, or control over the drugs
in the trailer, was conscious of his connection with the drugs, and knew the substance to
be drugs. That is, it constituted some evidence enabling the jury to rationally conclude,
beyond reasonable doubt, that appellant intentionally and knowingly possessed, with intent
to distribute, that controlled substance. So, the verdict of guilty enjoyed the support of
legally sufficient evidence. See Beaver v. State, 942 S.W.2d 626, 631 (Tex. App.--Tyler
1996, pet. ref'd) (holding that the defendant's connection to drugs and paraphernalia found
in a radiator shop was not merely fortuitous when the officers personally knew that the
defendant operated the shop; letters, bills, and invoices connected the defendant to both
the shop and a nearby mobile home; the defendant's mother owned the shop but leased
it to her two sons; small ziploc baggies such as those used to hold methamphetamine for
sale were found in a tool box at the shop and in the mobile home; and a notebook was
found in the shop containing information about radiator repairs and drug transactions);
Brown v. State, 807 S.W.2d 615, 617 (Tex. App.--Houston [14th Dist.] 1991, no pet.)
(holding there were sufficient links to a mobile home and contraband found therein when
the defendant's wife was present at the time a search warrant was executed, an envelope
addressed to the defendant and some photographs of him were found in the mobile home,
the husband of the manager of the trailer park testified that the defendant and his wife lived
there on the day the search warrant was executed, and the defendant had paid rent on the
unit).

 As to the factual sufficiency of the evidence, appellant attacks the circumstantial
nature of the evidence. That his mother testified he lived with her, that his son Jason lived
in the trailer and purportedly owned various of the paraphernalia found in it, that appellant
was not present when the search occurred, and that no one saw him buy any of the
ingredients for the contraband illustrate that the verdict was factually insufficient, according
to appellant. Yet, the evidence upon which appellant relies does not explain the smell of
ether coming from a locale which appellant considered his home and at a time when the
person who appellant suggests manufactured the drug sat in jail. Nor does it explain away
the evidence that appellant excused himself from his mother's house at approximately the
same time an officer saw appellant's car in the trailer's driveway, the lights on in his abode
and smelled ether. That his son bought or owned some of the equipment and ingredients
used to make the drug does not negate the reasonable inferences arising from the
evidence that Jason was in jail when appellant excused himself from his mother's home
around the same time lights were seen in a trailer appellant called home and the smell of
ether (a smell commonly related to the manufacture of methamphetamine) emanated from
that home. Simply put, none of the evidence mentioned by appellant negates the
reasonable inferences that he had access to the trailer and possessed the
methamphetamine in it. Given this and the truism that a jury can choose what evidence
to believe or disbelieve, we cannot say that the evidence of guilt was so weak as to render
a verdict of guilty clearly wrong or manifestly unjust. See Zuliani v. State, 97 S.W.2d at 593
(stating this to be one of the two applicable standards of review). Nor can we hold that the
finding of guilt is so contrary to the great weight and preponderance of the evidence as to
be clearly wrong. See id. (stating this to be the other applicable standard of review). 
Consequently, the jury's verdict enjoys the support of factually sufficient evidence as well.

 We overrule appellant's issues and affirm the judgment of the trial court.



 Brian Quinn

Do not publish. Justice
1. To the extent that appellant argues that circumstantial evidence is not legally sufficient to support
a verdict if it fails to exclude every other reasonable hypothesis, that rule was abrogated in Geesa v. State,
820 S.W.2d 154, 160-61 (Tex. Crim. App. 1991), overruled in part on other grounds by Paulson v. State, 28
S.W.3d 570 (Tex. Crim. App. 2000) .